```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
JAMES POWER and KIMBERLY POWER,

                  Plaintiffs,                        ORDER

         - against -                              24 Civ. 9977 (NRB)

AVANT GARDNER, LLC, EZ FESTIVALS
LLC, MADE EVENT LLC, CONTEMPORARY
SERVICES CORPORATION, THE CITY OF
NEW YORK, and JOHN DOES 1 and 2,

                  Defendants.
--------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

**WHEREAS** this case was filed on November 25, 2024 in the Supreme Court of the State of New York, County of New York, ECF No. 1-1; and

**WHEREAS** a notice of removal was filed on December 27, 2024 by defendants Avant Gardner, LLC, Made Event LLC and EZ Festivals LLC, pursuant to 28 U.S.C. §§ 1441, 1446, ECF No. 1; and

**WHEREAS** defendant City of New York ("City") filed a letter motion, seeking to remand the action to state court, ECF No. 10; and

**WHEREAS** defendants Avant Gardner, LLC, Made Event LLC and EZ Festivals LLC filed an opposition to the City's letter motion, ECF No. 11; and

1

**WHEREAS** 28 U.S.C. § 1446(b)(2)(A) requires that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action;" and

**WHEREAS** the "failure of any defendant to provide its written consent within the thirty-day period constitutes a fatal procedural defect in the removal procedure and warrants a remand of the case," Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc., No. 12 Civ. 5557 (JPO), 2013 WL 1234958, at *6 (S.D.N.Y. Mar. 26, 2013) (citation and quotation marks omitted); and

**WHEREAS** the City's letter, ECF No. 10, demonstrates that consent from all defendants has not been obtained and is sufficient by itself to hold that the unanimity requirement has not been satisfied; and

**WHEREAS** defendant Contemporary Services Corporation did not provide written consent to the notice of removal, ECF Nos. 1, 8, 10, 11;[1] and

**WHEREAS** defendants Avant Gardner, LLC, Made Event LLC and EZ

---

[1] To the extent that defendants Avant Gardner, LLC, Made Event LLC and EZ Festivals LLC rely upon defendant Contemporary Services Corporation's answer to the complaint, ECF No. 8, as evidence of its consent, ECF No. 11 at 2, "courts have routinely held that a co-defendant's mere filing of an answer or a motion to dismiss does not manifest unambiguous consent to removal." Gribler v. Weisblat, No. 07 Civ. 11436 (NRB), 2008 WL 563469, at *2 (S.D.N.Y. Feb. 25, 2008) (collecting cases).

Festivals LLC cannot cure the failure "to provide notice of consent to removal within the thirty-day statutory period, . . . by providing late consent," Taylor v. Medtronic, Inc., 15 F.4th 148, 151 (2d Cir. 2021); it is hereby

**ORDERED** that this case is remanded to the court from which it was removed, the Supreme Court of the State of New York, County of New York. The Clerk of Court is directed to terminate all pending motions.

Dated:   New York, New York
         February 13, 2025

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE